Florence COHEN

v.

TEMPLE PHYSICIANS, INC., Doctors Associates, Ltd., Steven J. Greenberg, M.D., Gail B. Smith, M.D.

No. Civ.A. 97–7263.

United States District Court, E.D. Pennsylvania.

July 13, 1998.

Byron R. Prusky, Prusky Law Associates, Philadelphia, PA, for Plaintiff.

Neil J. Hamburg, Hannah Schwarzschild, Hamburg & Golden, P.C., Philadelphia, PA, for Defendants Temple Physicians.

Mark Blondman, Melissa S. Granovskky, Blank Rome Comisky & McCauley, Philadelphia, PA, for Defendants Doctors Assoc., Greenberg and Smith.

## *MEMORANDUM AND ORDER*

JOYNER, District Judge.

Plaintiff brought this civil action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111, *et. seq.*, Pennsylvania Human Relations Act (PHRA), 42 P.S. § 951, *et. seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et. seq.* to recover for her allegedly improper demotion and subsequent termination from her employment with Defendants as office manager/administrator. Defendants Doctors Associates, Ltd. and Drs. Greenberg and Smith now move to dismiss the complaint on the grounds that they are not "employers" under the ADA and the ADEA and for the reason that there is no individual liability under the PHRA, ADA and ADEA. For the reasons discussed below, the motion shall be granted in part and denied in part.

## Background

According to the complaint, Florence Cohen was hired by Doctors Associates, Ltd. and Doctors Greenberg and Smith in November, 1971 as Front Desk Secretary. She eventually rose to the position of Office Manager/Administrator. (Complaint, ¶ s20–22). In November, 1996, Plaintiff was diagnosed with lung cancer and a short time later underwent surgery to remove the cancer. (Complaint, ¶ 24). However, when Plaintiff returned to work part-time in February, 1997, her supervisor, Dr. Greenberg told her that her position as Office Manager/Administrator had been filled by a younger employee and that she was being demoted to the position of Front Desk Receptionist ostensibly because the defendants wanted to remove stress from Plaintiff's working life. (Complaint, ¶ s 26–27).

In March, 1997, Doctors Associates entered into an agreement with Defendant Temple Physicians, Inc. whereby Temple Physicians would acquire Doctors Associates and Doctors Associates would be merged and/or integrated into Temple Physicians effective May 15, 1997. (Complaint, ¶ s 30–32). On May 14, 1997, Plaintiff's employment was terminated by one Michelle Sample, a Temple Physicians employee allegedly due to down-sizing. (Complaint, ¶ 33). Ms. Cohen subsequently brought this lawsuit, claiming that, contrary to Defendants' explanation, she was terminated because of her age (63) and because she was perceived as being disabled due to lung cancer. (Complaint, ¶ s34–36, 40–41). Plaintiff alleges that Defendants' termination of her employment thus violated the ADA, ADEA and the PHRA.

## Standards Applicable to Motions to Dismiss

Under Fed.R.Civ.P. 12(b)(1), a party may file a motion to dismiss for lack of subject matter jurisdiction. A district court can grant a 12(b)(1) motion based on the legal insufficiency of the claim. Dismissal, however, is proper only when the claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3rd Cir.1991). *See Also: Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73 (1974). Whereas on a motion to dismiss under Rule 12(b)(6) the plaintiff is entitled to have all reasonable inferences drawn in his favor, when jurisdiction is challenged under Rule 12(b)(1), the burden is on the plaintiff to prove that jurisdiction exists and the courts are not limited in their review to the allegations of the complaint. *Doe v. William Shapiro, Esquire, P.C.*, 852 F.Supp. 1246, 1249 (E.D.Pa.1994). Any evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction as it is for the Court to resolve all factual disputes involving the existence of jurisdiction. *Sitkoff v. BMW of North America, Inc.*, 846 F.Supp. 380, 383 (E.D.Pa.1994). In contrast, if the attack to jurisdiction is facial, that is, to the allegations of jurisdiction stated in the complaint, the factual allegations of the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is present. *Id.* If jurisdiction is based on a federal question, the pleader claiming federal jurisdiction simply must show that the federal claim is not frivolous. *Radeschi v. Commonwealth of Pennsylvania*, 846 F.Supp. 416, 419 (W.D.Pa.1993), citing *Bartholomew v. Librandi*, 737 F.Supp. 22 (E.D.Pa.), *aff'd*, 919 F.2d 133 (3rd Cir.1990). Only if it appears to a certainty that the pleader will not be able to assert a colorable claim of subject matter jurisdiction may the complaint be dismissed. *Kronmuller v. West End Fire Co. No. 3*, 123 F.R.D. 170, 172 (E.D.Pa.1988). *See Also: Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3rd Cir.1977). The plaintiff must therefore have an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing in support of her jurisdiction contention. *Shepherdson v. Local Union No. 401*, 823 F.Supp. 1245, 1248 (E.D.Pa.1993).

## Discussion

### A. "Employer" Status of Moving Defendants.

Moving Defendants first assert that this Court lacks the requisite jurisdiction to adjudicate Plaintiff's claims against them because she has failed to allege that Defendants are "employers" as that term is defined in the ADA and the ADEA.

The ADEA declares that, for purposes of that Act,

> The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year ... The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State and any interstate agency, but such term does not include the United States or a corporation wholly owned by the Government of the United States.

29 U.S.C. § 630(b).

The ADA, in turn, defines an "employer" to mean

> ... a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, for two years following the effective date of this subchapter, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person.

In this case, Plaintiff alleges only, in an admittedly conclusory fashion, that Defendants Doctors Associates and Drs. Greenberg and Smith are "employers" within the meaning of the ADA and the ADEA. (Complaint, ¶ s24–15). Unlike the allegations against Temple Physicians, Inc., plaintiff does not aver that Moving Defendants employed and continue to employ the required number of employees to come within the purview of these statutes. (Complaint, ¶ s 16–17). However, there has been absolutely no evidence produced of record by either party from which this Court can make a determination as to how many employees moving defendants had during the relevant time period, although plaintiff has produced a copy of a letter from Dr. Greenberg which suggests that, for an undetermined period, Temple Physicians and Doctors Associates were functioning as an integrated enterprise for purposes of the federal acts at issue.

*See: Doe v. William Shapiro, Esquire, supra,* at 1249–1251. Accordingly, we now deny defendants' motion to dismiss to permit the parties to take discovery on this issue. Upon completion of discovery, moving defendants are free to re-challenge subject matter jurisdiction on this basis through a motion for summary judgment.

### B. Individual Liability of Drs. Greenberg and Smith.

Defendants Greenberg and Smith also move for the dismissal of plaintiff's claims under the PHRA, ADA and ADEA on the grounds that they cannot be held individually liable under any of these Acts.

The caselaw is legion that when addressing the question of individual liability under the ADA, ADEA and Title VII, courts look to case law under all three statutes. *DeJoy v. Comcast Cable Communications, Inc.,* 941 F.Supp. 468, 474 (D.N.J.1996), citing, *inter alia, Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir.1996) and *Williams v. Banning,* 72 F.3d 552, 553 (7th Cir.1995). This is because the ADEA, ADA and Title VII definitions of "employer" are virtually identical. *Id.* Likewise, the PHRA is interpreted in accord with Title VII and the ADA. *Dici v. Commonwealth of Pennsylvania,* 91 F.3d 542, 552 (3rd Cir.1996), citing *Davis v. Sheraton Society Hill Hotel,* 907 F.Supp. 896, 899 (E.D.Pa.1995); *Clark v. Commonwealth of Pennsylvania,* 885 F.Supp. 694, 714 (E.D.Pa. 1995); *Violanti v. Emery Worldwide,* 847 F.Supp. 1251, 1257 (M.D.Pa.1994).

Prior to November, 1996 when the Third Circuit Court of Appeals rendered its decision in *Sheridan v. E.I. DuPont de Nemours and Co.,* 100 F.3d 1061 (3rd Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 2532, 138 L.Ed.2d 1031 (1997), the district courts in this Circuit were divided as to whether individual employees could be held liable under Title VII. In *Sheridan,* however, the Court rejected outright the imposition of liability on individual employees under Title VII. In so doing, the Court noted that the statute itself and its 1991 amendment implementing a sliding scale of damages based on number of employees, both strongly suggested that Congress was concerned about the impact of

Title VII litigation on small businesses and that it did not contemplate the assessment of such damages against individuals who were not themselves the employing entity. *Sheridan,* at 1077–1078.

Similarly, in *Dici v. Commonwealth, supra,* the Third Circuit dismissed the plaintiff's Title VII claims against two individual co-employee defendants, one of whom had been the plaintiff's supervisor. In then deciding whether dismissal of plaintiff's PHRA claims was appropriate, the Court analyzed the different proscriptions of 43 P.S. 955 and then dismissed plaintiff's claims against the co-employee. The Court, however, declined to dismiss the plaintiff's claims against the supervisory co-employee because § 955(e) of the PHRA permitted such an employee to be held liable if it could be shown that he aided and/or abetted the alleged discriminatory practice of the employer. *See, Dici,* 91 F.3d at 553. The holding in *Dici* as to the PHRA claims has since been followed in this district on at least two occasions. *See: Glickstein v. Neshaminy School District,* 1997 WL 660636 (E.D.Pa.1997); *Coney v. Pepsi Cola Bottling Company,* 1997 WL 299434 (E.D.Pa.1997).

In application of all of the foregoing to the case at hand, we are constrained by the Third Circuit's holdings in both *Sheridan* and *Dici* to dismiss Doctors Smith and Greenberg as individual defendants from this case. Again, Title VII, the ADA, ADEA and PHRA are all to be interpreted consistently with one another such that individual employees are not to be held liable under these Acts unless a supervisory employee can be shown to have aided and abetted the employer's discriminatory actions in violation of the PHRA. Inasmuch as the instant complaint is devoid of any allegations from which this Court could conclude that Doctors Greenberg or Smith aided, abetted, incited, compelled or coerced Doctors Associates and Temple Physicians, Inc. to discriminate against Plaintiff, all of the claims against Drs. Smith and Greenberg individually must be dismissed. *See Also: Frye v. Robinson Alarm Co.,* 1998 WL 57519 (E.D.Pa.1998); *Milliner v. Enck,* 1998 WL 303725 (E.D.Pa.1998); *Lantz v. Hospital of the University of Pennsylvania,* 1996 WL 442795 (E.D.Pa.1996).

An appropriate order follows.

## ORDER

AND NOW, this 13th day of July, 1998, upon consideration of the Motion to Dismiss Plaintiff's Complaint of Defendants Doctors Associates, Ltd., Steven J. Greenberg, M.D. and Gail B. Smith, M.D., it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART and Steven J. Greenberg, M.D. and Gail B. Smith, M.D. are DISMISSED from this action as party defendants.