**Emily F. DAVIS, Plaintiff,**

v.

**LEVY, ANGSTREICH, FINNEY, BALDANTE, RUBENSTEIN & COREN, P.C., John Baldante, and Steven E. Angstreich, Defendants.**

No. Civ.A. 97–CV–7475.

United States District Court, E.D. Pennsylvania.

Oct. 13, 1998.

Hyman Lovitz, Sidney L. Gold, Lovitz and Gold, P.C., Philadelphia, PA, for Plaintiff.

Hope A. Comisky, Linda J. Karpel, Anderson Kill & Olick, P.C., Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Plaintiff, Emily F. Davis, brought this action against Defendants, John Baldante and Steven E. Angstreich, and the law firm of Levy, Angstreich, Finney, Baldante, Rubenstein & Coren, P.C. Counts I, II and IV allege that Defendant law firm terminated Plaintiff's employment in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, *et. seq.*, the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951, *et. seq.*, and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(e), 1140, respectively. Count III alleges that Defendants Angstreich and Baldante aided and abetted the discriminatory practices of the employer law firm in violation of the PHRA. Defendants Baldante and Angstreich now move to dismiss Count III pursuant to Fed.R.Civ.P. 12(b)(6), and the defendant law firm moves for a more definite statement of Count IV pursuant to Fed. R.Civ.P. 12(e). For the following reasons, both motions are denied.

### Background

According to the complaint, Plaintiff was employed as an associate attorney by Levy, Angstreich, Finney, Baldante, Rubenstein & Coren, P.C. ("the law firm"), from November 27, 1995 to April 26, 1996. Prior to commencing her employment with the law firm, Ms. Davis was diagnosed as having manic depression. She did not, however, inform defendants of this diagnosis when she was hired.

On April 15, 1996, the defendant law firm placed Plaintiff on sixty days' probation for poor work performance, but assured her that no adverse action would be taken against her prior to expiration of the probationary period. One week into the probationary period, Plaintiff spoke privately with Defendant Angstreich, a partner in the defendant law firm, to discuss the firm's short and long term disability policies. Plaintiff did not disclose her medical condition at that time. On April 24, 1996, Plaintiff was questioned extensively by Defendant Baldante, also a partner in the Defendant law firm, about her basis for requesting information on the disability policy. It was at this time that Plaintiff advised Baldante of her manic depression, and also suggested that it may have been contributing to her poor work performance. Plaintiff also made certain work accommodation requests to Baldante that would enable her to cope with her condition.

The following day, Baldante informed Plaintiff that her employment was terminated effective immediately due to poor work performance and notwithstanding the fact that her sixty day probationary period had yet to expire. Plaintiff alleges that after Defendants learned of her disability, they engaged in a systematic and continuous pattern of discrimination, with the intent of depriving her of her employment.

### Standards for Fed.R.Civ.P. 12(b)(6) Motions

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), the Court must accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn after construing them in the light most favorable to the non-movant. *Pearson v. Miller*, 988 F.Supp. 848, 852 (M.D.Pa.1997) (*citing Jordan v. Fox, Rothschild, O'Brien, and Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir.1994)). Dismissal is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. *Alexander v. Whitman*, 114 F.3d 1392, 1398 (3d Cir.1997).

## Discussion

### A. Motion to Dismiss Count III of Plaintiff's Complaint

By this motion, Defendants ask the Court to dismiss Count III for failure to state a PHRA claim upon which relief can be granted against Defendants Baldante and Angstreich given that their acts represent the acts of the firm, and therefore they cannot be viewed as aiding and abetting a PHRA violation.

Like Title VII, 42 U.S.C. § 2000e, *et. seq.,* and the Americans with Disabilities Act, 42 U.S.C. § 12111, *et. seq.,* § 955(a) of the PHRA, 43 P.S., renders it unlawful for an employer to discharge an employee because of a non-job related handicap, among other things. *Kohn v. Lemmon Co.,* 1998 WL 67540, *8 (E.D.Pa.1998), (*citing Dici v. Pennsylvania,* 91 F.3d 542, 552 (3d Cir.1996)). Under 43 P.S. § 955(e), however, the state statute goes a step further by forbidding:

"... [a]ny person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

*Id.; Glickstein v. Neshaminy Sch. Dist.,* 1997 WL 660636, *11 (E.D.Pa.1997).

■ In this manner, § 955(e) of the PHRA differs from Title VII, (which holds only employers liable for discrimination while exempting individual employees from liability). *See Generally: Sheridan v. E.I.DuPont de Nemours and Co.,* 100 F.3d 1061 (3rd Cir.1996); *Dici v. Commonwealth of Pennsylvania,* 91 F.3d 542, 552 (3rd Cir.1996). Thus, even notwithstanding that the PHRA is generally applied in accordance with Title VII, in the appropriate factual scenario, an individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision. *Dici, supra,* at 552–53 (3d Cir.1996); *Frye v. Robinson Alarm Co.,* 1998 WL 57519, *3 (E.D.Pa.1998); *Smith v. Pathmark Stores, Inc.,* 1998 WL 309916, *3 (E.D.Pa. 1998); *Kohn v. Lemmon Co., supra,* at *8; *Wien v. Sun Company, Inc.,* 1997 WL 772810, *7 (E.D.Pa.1997); *Glickstein, supra,* at *12. *See Also: Tyson v. CIGNA Corp.,* 918 F.Supp. 836, 841 (D.N.J.1996).

■ In application of the foregoing principles to the defendants' motion to dismiss, we find that plaintiff's complaint avers that Angstreich and Baldante were partners in the professional corporation when Plaintiff held the position of associate attorney and that they "aided, abetted, incited, compelled and coerced unlawful and intentional discrimination against Plaintiff based on her disability in direct violation of ... the Pennsylvania Human Relations Act." (Pl.'s Compl. ¶s 8–10, 31–32). Plaintiff has also alleged that she spoke with and was questioned extensively by both defendants Baldante and Angstreich regarding the firm's short and long term disability policies and that it was Baldante to whom she revealed her medical condition, requested that certain accommodations be made and who subsequently terminated her.

■ It is generally recognized that the difference between the rights, duties, and compensation of associates and partners in a law firm are significant, in that the role of partner is generally deemed to be supervisory and as having greater responsibilities. *Graham v. State Farm Auto. Ins. Co.,* 1992 WL 334024, *5 (E.D.Pa.1992) (*citing Harrison v. Associates Corp. of N. Am.,* 917 F.2d 195, 198 (5th Cir.1990)). Although the law firm is alleged to be a professional corporation which technically would have shareholders, rather than partners, we are mindful of the requirement that plaintiff's pleadings be read in the light most favorable to the plaintiff as the non-moving party. *See: Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3rd Cir.1990). We therefore find that Plaintiff has adequately pled that Angstreich and Baldante are supervisors for purposes of PHRA liability and that they aided and abetted the firm in unlawfully discriminating

against her on the basis of her manic depression.

### B. *Defendants' Motion for a More Definite Statement*

Defendants next assert that Count IV is vague and ambiguous as written, and Plaintiff should be ordered to provide a more definite statement, pursuant to Fed.R.Civ.P. 12(e).

Under Fed.R.Civ.P. 8(a)(2), the Plaintiff is required to plead a short and plain statement sufficient to give adequate notice of the claim to the Defendant. *Foulk v. Donjon Marine Co., Inc.,* 144 F.3d 252, 1998 WL 231084 (3d Cir.1998) (*citing Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Under Rule 12(e), if a pleading is so vague or ambiguous that the responding party could not reasonably be required to frame a responsive pleading, they may move for a more definite statement of the claim before submitting a response. *Murray v. Gencorp, Inc.,* 979 F.Supp. 1045, 1050 (E.D.Pa.1997).

In Count IV of the complaint, the Plaintiff pled two violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, *et. seq.,* for: (1) terminating the Plaintiff's employment in retaliation for exercising her rights to collect disability; and (2) termination of Plaintiff's health insurance coverage. (Pl.'s Compl. ¶s 34–41.) In reading the complaint in its entirety, this Court is satisfied that Plaintiff's pleading is sufficient to enable Defendants to prepare a response. Therefore, the defendants' motion for a more definite statement will be denied.

An order follows.

### ORDER

AND NOW, this 13th day of October, 1998, upon consideration of Defendants' Motions to Dismiss Count III and for a More Definite Statement of Count IV of Plaintiff's Complaint, it is hereby ORDERED that the Motions are DENIED for the reasons set forth in the preceding Memorandum Opinion.