Linda Vincill THAYER, Plaintiff,

v.

**WASHINGTON COUNTY SCHOOL BOARD, et al., Defendants.**

Civil Action No. 96–0142–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Dec. 18, 1996.

Louis Dene, Reelia R. Watson, Abingdon, VA, for Plaintiff.

D. Patrick Lacy, Jr., Curtis G. Manchester, Richmond, VA, for Defendants.

## OPINION AND ORDER

JONES, District Judge.

The plaintiff, a public school teacher, has sued her local school board, the individual board members, the local school superintendent, a high school principal, and a personnel administrator, alleging age and gender dis-

crimination in violation of federal law. All of the defendants have moved to dismiss the sex discrimination claim because the plaintiff does not allege that she obtained a right to sue letter from the Attorney General. The individual defendants have also moved to dismiss on the ground that the plaintiff has failed to state a claim of individual liability. I hold that the plaintiff's failure to obtain the proper right to sue letter does not constitute a jurisdictional bar. The plaintiff, however, has failed to state a claim sufficient to establish individual liability and I will grant the motion to dismiss as to the individual defendants.

### I

The facts are taken solely from the plaintiff's complaint, and construed in the plaintiff's favor, as they must be at this stage of the case. The plaintiff, Linda Vincill Thayer, is an employee of the Washington County School Board[1] ("School Board") assigned as a teacher to John Battle High School. Thayer alleges that in 1994 she applied on three separate occasions for administrative positions in the school system. In each instance, she alleges, a younger and less experienced male candidate was hired instead of her.

According to the plaintiff's complaint, in April of 1994, Thayer first contacted James F. Rector, the personnel administrator for the school system, regarding a position as an athletic director. Rector told her that the position had not yet been advertised and that he would establish a file of interested candidates. Subsequently, Thayer discussed the position with Lee Brannon, the principal of John Battle High School. Brannon specified the duties of the position and submitted a proposal to the School Board on Thayer's behalf. On May 27, 1994, the School Board rejected this proposal but, according to the plaintiff, immediately hired a younger and less experienced male applicant.

Next, in July of 1994, Thayer applied for an administrative assistant position. Thayer again approached Rector who advised her that a job description had not been formulated and the position had not been advertised. Later that month, Thayer expressed her interest in the position to Brannon. Again, Thayer alleges that she was passed over for a younger male applicant with less experience. Finally, Thayer applied for a position in a Saturday detention program. On August 26, 1994, Thayer was notified that the School Board had granted the positions to two younger male applicants. Thayer was offered a similar position but with a less desirable schedule.

Thayer contends that the failures to award her these positions were because of her gender and age.

On November 14, 1994, Thayer filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). On June 25, 1996, the EEOC notified her that it had terminated its investigation and issued her a right to sue letter. Subsequently, the plaintiff filed this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1988) ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1982) ("ADEA"). Thayer named Brannon, Rector, the school superintendent and each member of the School Board as defendants, as well as the School Board itself.

### II

The defendants assert that this court lacks jurisdiction over the plaintiff's Title VII claim because Thayer has failed to allege that she obtained a right to sue letter from the Attorney General.[2] Under the provisions of 42

---

1. The complaint alleges that Thayer is employed by "defendant, Washington County Public Schools." Complaint ¶ 7. Actually, "Washington County Public Schools" is not a defendant, nor could it be, since it is not a recognizable legal entity. Public school teachers in Virginia are employed by local school boards. Va.Code Ann. § 22.1–295 (Michie Supp.1996). The School Board here is a proper defendant.

2. Under the procedural framework established by Title VII, an individual must first file an administrative claim with the appropriate government agency. 42 U.S.C. § 2000e–5(b) (1988). The agency may then either bring a civil enforcement action on behalf of the claimant or issue a "right to sue" letter authorizing the claimant to bring a private civil action. 42 U.S.C. § 2000e–5(f)(1) (1988); 29 C.F.R. § 1601.29(e)(1) (1996).

U.S.C. § 2000e–5(f)(1), in cases involving a "government, governmental agency, or political subdivision," a right to sue letter must be issued by the Attorney General before a plaintiff may file suit. 42 U.S.C. § 2000e–5(f)(1) (1988). The defendants, relying on the School Board's status as a government entity, argue that the plaintiff's failure to obtain such a letter from the Attorney General is a jurisdictional bar to this action.

■ The same issue was considered in *Moore v. Charlotte*, 754 F.2d 1100 (4th Cir. 1985). Like Thayer, the plaintiff in *Moore* had received a right to sue letter from the EEOC rather than the Attorney General as required by Title VII. *Moore*, 754 F.2d at 1104. The Fourth Circuit rejected the argument that the plaintiff's failure to obtain a right to sue letter from the proper government agency defeated his claim. *Id.* at 1104 n. 1. Deeming an entitlement to a right to sue letter sufficient for jurisdictional purposes, the Fourth Circuit held that the plaintiff should not be penalized for the EEOC's improper assumption of a responsibility statutorily assigned to the Attorney General. *Id.* As in *Moore*, Thayer received a right to sue letter and, according to the EEOC, was entitled to receive this letter. This entitlement, despite whether the Attorney General issued the letter, is sufficient to support federal jurisdiction. Therefore, I must deny the defendants' motion in this regard.

### III

Those defendants who are individuals argue that Title VII and the ADEA do not extend liability to individuals. Besides Brannon, Rector, and the superintendent, the complaint names each member of the School Board as a defendant.

Both Title VII and the ADEA limit the scope of their liability provisions to actions undertaken by an "employer." 42 U.S.C. § 2000e–2(a) (1988); 29 U.S.C. § 623(a) (1982). Under Title VII, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person. . . ."[3]

Because of the fact that Title VII was enacted more than thirty years ago, it may seem odd that the issue of individual liability has not been definitively resolved by Congress or by the Supreme Court. Until the 1991 amendments to Title VII,[4] however, there was little need to consider the question. Before those amendments, a plaintiff could only receive equitable relief, which logically ran against the employer, the only party positioned to provide such "make whole" remedies. Now that compensatory and punitive damages are available, the issue of individual liability has received greater attention.[5]

There are conflicting decisions among the circuits, although a majority view appears to be against individual liability. *See Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir.1995) (rejecting individual liability under Title VII in the context of a sexual harassment suit); *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.1994) (rejecting individual liability under Title VII in the context of a sexual harassment suit); *but see Cross v. State*, 49 F.3d 1490 (11th Cir.1994) (adopting minority view of individual liability). The legislative history is silent, and there are policy arguments both ways.[6]

---

**3.** 42 U.S.C. § 2000e(b) (1988). The ADEA employs similar language defining an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees . . . [and] any agent of such a person. . . ." 29 U.S.C. § 630(b) (1982).

**4.** Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (Supp. V 1993) (codified as amended in scattered sections of 29 U.S.C. and 42 U.S.C.).

**5.** *See* Maria M. Carrillo, *Hostile Environment Sexual Harassment by a Supervisor Under Title VII: Reassessment of the Civil Rights Act of 1991*, 24 Colum.Hum.Rts.L.Rev. 41, 42 (1992–93).

**6.** *See* Rebecca H. White, *Vicarious Liability and Personal Liability for Employment Discrimination*, 30 Ga.L.Rev. 509, 545–557 (1996). Possible employer insolvency is often given as a principal reason to allow individual liability. Of course, that is not a factor here, where the employer is a government agency. On the other hand, individual liability may deter juries from making substantial damage awards because of the potential financial hardship for the individual defendant.

**448**

In its first published opinion on the issue, the Fourth Circuit held, in *Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir.1989), *aff'd in relevant part*, 900 F.2d 27 (4th Cir.1990) (*en banc*), that under Title VII an individual defendant could be liable, if "he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment." *Paroline*, 879 F.2d at 104.

*Paroline* was a sexual harassment case, however, and the Fourth Circuit later made that fact significant in *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir.1994). In *Birkbeck*, the issue arose under the ADEA, involving alleged age discrimination, and while the pertinent statutory language was the same, the court held that liability was limited to the employer alone, except where the personnel decision in question was not of a "plainly delegable character." *Id.* at 511 n. 1. On that basis, the court distinguished *Paroline*, presumably holding that sexual harassment was not of a plainly delegable character.

 Although *Birkbeck* failed to further define "personnel decisions of a plainly delegable character," the district courts in the Fourth Circuit since *Birkbeck* have interpreted such decisions to involve those taken on behalf of and for the benefit of an employer and generally have held that there is no individual liability except perhaps in harassment claims. *See, e.g., Blankenship v. Warren County*, 918 F.Supp. 970 (W.D.Va.1996); *Shoemaker v. Metro Information Services*, 910 F.Supp. 259 (E.D.Va.1996); *Mitchell v. RJK of Gloucester, Inc.*, 899 F.Supp. 246 (E.D.Va.1995). I find persuasive the reasoning adopted in these opinions. Accordingly, I must assess if the alleged actions of the individual defendants were undertaken on behalf of and for the benefit of the Washington County School Board. If so, no individual liability could arise under Title VII or the ADEA. Alternatively, if the alleged actions of any individual employee were for his or her own benefit, and not that of the School Board, individual liability could arise and I must deny the defendants' motion to dismiss.

 Thayer alleges that on three separate occasions the defendants undertook actions based on gender and age discrimination that denied her employment opportunities. Although her complaint contains specific allegations regarding Brannon and Rector, it does not specify any actions taken by the local superintendent or individual School Board members.[7] Regardless, none of the plaintiff's allegations—nor any reasonable inferences drawn from them—involve actions taken by individuals for their own benefit. Unlike instances of sexual harassment, these allegations concern actions taken as part of the employer's business and for the primary benefit of the employer. Thayer's discussions with Brannon and Rector focused on the processing of employment applications and the filling of vacancies. These are normal aspects of the employment relationship and are "plainly delegable" by the employer. As such, these alleged actions are insufficient to establish individual liability under Title VII or the ADEA. Accordingly, I will grant this aspect of the defendants' motion to dismiss.

It should be emphasized that the dismissal of the individual defendants is likely a technical matter which will not harm the plaintiff's case. Title VII and the ADEA clearly provide for vicarious liability, meaning that if there is sufficient evidence of discrimination by an individual agent of the School Board, that discrimination will be imputed to the School Board itself, as the employer. *See Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 72, 106 S.Ct. 2399, 2408, 91 L.Ed.2d 49 (1986).

For the reasons stated above, it is **ORDERED** as follows:

1. The individual defendants are dismissed as parties to this action; and

2. The motion to dismiss is otherwise denied.

---

**7.** Under Virginia law, local school boards are corporate bodies and board members have "no organization or duties except such as may be assigned by the school board as a whole." Va. Code Ann. § 22.1–71 (Michie 1993). Thayer's complaint does not allege that any board members acted independently of the School Board.