Erika BAIR, Plaintiff,

v.

CITY OF ATLANTIC CITY, Defendant.

Sandra Taylor, Plaintiff,

v.

City of Atlantic City, Defendant.

Civil Nos. 99–5232(JBS), 99–5233(JBS).

United States District Court,
D. New Jersey,
Camden Vicinage.

June 6, 2000.

Louis P. McFadden, Jr., Linwood, NJ, for Plaintiffs.

Wendy J. Lazarus, Jasinski and Paranac, P.C., Newark, NJ, for Defendant City of Atlantic City.

## *OPINION*

KUGLER, United States Magistrate Judge.

Plaintiffs Erika Bair and Sandra Taylor move, in these companion cases,[1] to amend their complaints to withdraw their Title VII claims and substitute claims under 42 U.S.C. § 1983, based on the same conduct and occurrences that formed the basis for their Title VII claims. Defendant City of

---

1. Plaintiffs Bair and Taylor have both brought claims of sexual harassment and discrimination against the City of Atlantic City, based on their employment in the same city department. Their complaints are styled the same and were filed on the same day, naming the same defendant, but they have not been consolidated.

Atlantic City opposes the motions to amend and cross-moves to dismiss the complaints in their entirety. For the following reasons, plaintiffs' motions to amend are granted, and defendant's cross-motions to dismiss are dismissed.

## I. *FACTUAL and PROCEDURAL BACKGROUND*

Plaintiffs Erika Bair and Sandra Taylor filed separate complaints on November 9, 1999, naming the City of Atlantic City as a defendant. The allegations in their complaints are very similar. According to the complaints, Plaintiff Bair had been employed by Atlantic City as a clerk-secretary in the construction division department from February 28, 1997, to December 4, 1997. (Bair Complaint, ¶ 4). Plaintiff Taylor had been employed by Atlantic City as a clerk-secretary in the construction division department from 1992 until November 14, 1997. (Taylor Complaint, ¶ 4).

During their employment, the plaintiffs allegedly were subjected to "sexually offensive language and conduct, intimidation, ridicule and insult that was both severe and pervasive." (Bair Complaint, ¶¶ 5–7; Taylor Complaint, ¶¶ 5–7). Both plaintiffs made repeated complaints to "representatives of the Defendant," but Atlantic City "failed to take any appropriate remedial action toward eliminating the hostile work environment" until Plaintiff Taylor was transferred out of the construction division department on November 14, 1997, and Plaintiff Bair was transferred out of the construction division department on December 4, 1997. (Bair Complaint, ¶¶ 8–9; Taylor Complaint, ¶¶ 8–9). Plaintiffs allege that Atlantic City knew or should have known of the sexual harassment and hostile work environment because of the complaints that the plaintiffs made to the defendant, and also because "Defendant's supervisors repeatedly engaged in and encouraged such conduct." (Bair Complaint, ¶¶ 10–11; Taylor Complaint, ¶¶ 10–11).

Count One of the complaints alleged a sexually offensive and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Count Two alleged a violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5–1 *et seq.* ("NJLAD").

Defendant Atlantic City filed answers to the Bair and Taylor complaints on January 7, 2000, raising as an affirmative defense that plaintiffs failed to exhaust their administrative remedies with respect to their Title VII claims. (Bair Answer, Sixteenth Defense; Taylor Answer, Sixteenth Defense).

Conceding that they did not exhaust their administrative remedies, both plaintiffs now move to amend their complaints to withdraw their Title VII claims in Count One and replace them with claims under 42 U.S.C. § 1983 ("Section 1983"), based on the same conduct and occurrences that formed the basis of their Title VII claims.

The factual allegations of the proposed amended complaints remain the same as in the original complaints. Instead of alleging a violation of Title VII, plaintiffs allege that the "sexually offensive language and conduct described herein created a sexually hostile work environment in violation of the plaintiff's right to equal protection under the 14th Amendment to the United States Constitution." (Bair Proposed Amended Complaint, ¶ 12; Taylor Proposed Amended Complaint, ¶ 12). Plaintiffs further claim that "defendant's aforesaid actions constituted a pattern of conduct which established a policy of acceptance and toleration of discrimination against women and the promotion of sexually hostile work environments in the construction department and throughout the municipal government." (Bair Proposed Amended Complaint, ¶ 14; Taylor Proposed Amended Complaint, ¶ 14). Plaintiffs further allege that the "aforesaid actions by defendant were taken under color of law and deprived the plaintiff of her equal protection right to be free from sex

discrimination and a sexually hostile work environment under the 14th Amendment to the United States Constitution and constituted a violation of 42 U.S.C. § 1983 for which the defendant is liable." (Bair Proposed Amended Complaint, ¶ 15; Taylor Proposed Amended Complaint, ¶ 15).[2]

Defendant Atlantic City opposes the motions to amend and cross-moves to dismiss the complaints in their entirety for failure to state a claim. Defendant argues that plaintiffs' motions to amend are merely an obvious attempt to bypass the administrative prerequisites to filing a Title VII claim, and that plaintiffs may not circumvent Title VII's exhaustion requirements by using Section 1983 to allege a Title VII violation.

## II. *LEGAL DISCUSSION*

### A. *PLAINTIFFS' MOTIONS TO AMEND*

Amendments to pleadings are governed by Rule 15(a), Federal Rules of Civil Procedure, which provides that leave to amend "shall be freely given as justice so requires." The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir.1990); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989).

■ Leave to amend under Rule 15 should be denied only in certain circumstances, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or clear futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182,

83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Federal Deposit Insur. Corp. v. Bathgate*, 27 F.3d 850, 874 (3d Cir.1994). A proposed amended pleading is clearly futile where it fails to state a claim or would not withstand a motion to dismiss. *Bathgate*, 27 F.3d at 874.

Defendant Atlantic City argues only that the proposed amendments are futile—it does not claim that any of the other bases for denying a motion to amend are present. Neither does Atlantic City claim that the statute of limitations bars the proposed claims or that the amendments do not relate back to the date of the filing of the original complaint under Rule 15(c). What Atlantic City does argue is that the amendments would be futile because plaintiffs cannot use Section 1983 to allege a Title VII violation in an attempt to avoid Title VII's administrative exhaustion requirement.

### 1. Interplay of Section 1983 and Title VII

■ Defendant is technically correct that courts have held that a plaintiff cannot use Section 1983 as a vehicle to seek redress for a right that is created by Title VII. *See, e.g., Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir.1987) (a plaintiff "may not circumvent Title VII's filing requirement by utilizing § 1983 as the vehicle for asserting his Title VII claim"); *Price v. Delaware Dept. of Correction*, 40 F.Supp.2d 544 (D.Del.1999) (plaintiff may not use Section 1983 to bring employment discrimination claim for retaliation).

Those cases are based, however, on a finding that the right at issue existed exclusively as a creation of Title VII. *See Foster v. Wyrick*, 823 F.2d at 220–21 (em-

**2.** In addition to the sexual harassment and discrimination claims, the proposed amended complaints also contain an allegation that "Defendant retaliated and ridiculed Plaintiff because of her repeated complaints, objections, and refusal to accept and/or participate in the aforesaid sexually offensive language and conduct." (Bair Complaint, ¶ 13; Taylor

Complaint, ¶ 13). The articulation of the legal theory of this retaliation allegation is less than clear; there is no charge that such retaliation was in violation of any of plaintiffs' constitutional rights, nor is there a charge that Atlantic City had a municipal policy or custom of such retaliation.

ployment discrimination claim that was based on disparate impact was not recognized under constitutional principles, but was recognized under Title VII); *Price v. Delaware Dept. of Correction,* 40 F.Supp.2d at 558 ("A claim of retaliation cannot be the sole basis for a § 1983 claim where there is no violation of the Constitution or federal law, other than the retaliation provision of Title VII.").

■ The vast majority of courts, including the Third Circuit, hold that claims under Section 1983 and Title VII are not necessarily mutually exclusive; if the right which a plaintiff claims was violated is constitutionally based, and also a right protected by Title VII, a plaintiff may bring either a Title VII claim or a Section 1983 claim, or both.

In *Bradley v. Pittsburgh Board of Educ.,* 913 F.2d 1064, 1078–79 (3d Cir. 1990), a teacher filed an action under 42 U.S.C. § 1983, against his school board and school officials, alleging that he was terminated on the basis of race. The lower court had ruled that the teacher did not state a claim under Section 1983, because all the "conduct alleged to be racially discriminatory is within the scope of Title VII ... and we are not justified in ignoring the specific remedial scheme enacted by Congress in order to proceed directly to Section 1983." 913 F.2d at 1078–79. The Third Circuit reversed, finding that the district court had "misconstrue[d] the relationship between Title VII and 42 U.S.C. 1983." 913 F.2d at 1079. Recognizing that the teacher's claim of race discrimination was grounded in the equal protection clause of the Fourteenth Amendment, as well as being actionable under Title VII, the court held that Title VII did not preempt Section 1983. *Id.* The court also noted that this ruling was "consistent with the conclusion of every other court of appeals that has decided the question." *Id.* (citing cases from the Fourth, Fifth, Sixth, Seventh, Ninth and Tenth Circuits).

■ As explained by the Tenth Circuit in *Notari v. Denver Water Dept.,* 971 F.2d 585 (10th Cir.1992):

[T]he basis for a § 1983 claim is "independent" from Title VII when it rests on substantive rights provisions outside Title VII—that is, when it rests on a constitutional right or a federal statutory right other than those created by Title VII. We emphasize that the basis of a § 1983 claim may be independent of Title VII even if the claims arise from the same factual allegations and even if the conduct alleged in the § 1983 claim also violates Title VII. For example, a § 1983 claim of racial discrimination is independent of a statutory disparate treatment claim arising out of the same set of facts because the § 1983 claim is substantively grounded in the Equal Protection Clause of the Fourteenth Amendment, whereas the disparate treatment claim flows from Title VII. Because the substantive legal standards that govern these claims emanate from different sources, as long as the substantive legal bases for the claims are distinct, our "independence" requirement is satisfied and Title VII does not foreclose an employment discrimination plaintiff's § 1983 claim.

971 F.2d at 587. *See also Annis v. County of Westchester, New York,* 36 F.3d 251 (2d Cir.1994) (plaintiff alleging sexual harassment may bring suit under Section 1983 and is not required to concurrently plead violation of Title VII or satisfy Title VII's procedural requirements); *Reynolds v. Borough of Avalon,* 799 F.Supp. 442, 449 (D.N.J.1992) (fact that sexual harassment allegations were actionable under Title VII did not preclude plaintiff from bringing a claim under Section 1983); *Wright v. Montgomery County,* Civ. No. 96–4597, 1999 WL 145205, *3 (E.D.Pa.1999) ("Plaintiff was not required to plead concurrently with his constitutional claims a violation of Title VII, and not required to satisfy the procedural requirements of Title VII.").

■ Plaintiffs Bair and Taylor allege sexual harassment and sex discrimination in public employment, conduct which can amount to a deprivation of their equal protection rights under the Fourteenth Amendment and is actionable under Section 1983. *See Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Andrews v. City of Philadelphia,* 895 F.2d 1469 (3d Cir.1990); *Annis v. County of Westchester, New York,* 36 F.3d at 254; *Beardsley v. Webb,* 30 F.3d 524, 529 (4th Cir.1994); *Pontarelli v. Stone,* 930 F.2d 104, 113–14 (1st Cir.1991). Plaintiffs alleging sexual harassment and discrimination have been permitted to file claims under both Title VII and Section 1983, even when those claims are based upon an identical set of facts. *See, e.g., Southard v. Texas Board of Criminal Justice,* 114 F.3d 539 (5th Cir.1997).

The equal protection rights at issue in Bair's and Taylor's claims are recognized under both Title VII and the Constitution.[3] They are not precluded from bringing their claims under either Title VII or Section 1983. The fact that they originally filed their complaints solely under Title VII does not foreclose their claims under Section 1983, even if they did not exhaust their Title VII administrative remedies, as long as their amended complaints otherwise satisfy the requirements of Rule 15.

## 2. Sufficiency of the Pleadings

Having found that Bair and Taylor are not precluded from bringing their sexual harassment and discrimination claims un-

der Section 1983, the question becomes whether they have stated such a claim against defendant Atlantic City with sufficient specificity to withstand the futility standard for a motion to amend.

■ A municipality cannot be sued for civil rights violations under the doctrine of respondeat superior; it can only be held responsible for the deprivation of constitutional rights if a municipal policy or custom of some nature caused the constitutional injury. *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy ..., whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell,* 436 U.S. at 694, 98 S.Ct. 2018.

■ Official policy may arise in different contexts, including "a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Liability may rest upon "a course of action tailored to a particular situation and not intended to control decisions in later situations" where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials

**3.** To the extent that plaintiffs are also bringing a claim of retaliation—which is unclear from a reading of plaintiffs' complaints, *see* note 2 *supra*—courts have held that a claim for retaliation, which was created by Title VII and is not recognized under constitutional principles, may not be pursued through Section 1983. *See Long v. Laramie County Community College District,* 840 F.2d 743, 752 (10th Cir.1988) (holding that theory of liability for retaliatory conduct does not come within Section 1983 and supports only Title VII claim); *Day v. Wayne County Board of Auditors,* 749 F.2d 1199, 1205 (6th Cir.1984)

(holding that where defendants did not discriminate against plaintiff, and only wrongful act was retaliation in violation of Title VII, the retaliation claim could not be a basis of Section 1983 claim); *Price v. Delaware Dept. of Correction,* 40 F.Supp.2d at 556–58 ("A claim of retaliation cannot be the sole basis for a § 1983 claim where there is no violation of the Constitution or federal law, other than the retaliation provision of Title VII."). Since the parties did not thoroughly brief this issue, the court will leave it for a subsequent summary judgment motion.

responsible for establishing final policy with respect to the subject matter in question." *Id.* at 481–82, 106 S.Ct. 1292.

◼ A municipality's failure to act may also constitute municipal policy where the municipality has knowledge of the need for action and the failure to act rises to the level of "deliberate indifference" which causes a constitutional injury.*City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

In *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), the Supreme Court held that the liberal notice pleading requirement of Federal Rule of Civil Procedure 8(a)(2) applies to Section 1983 claims alleging municipal liability. In so doing, the Court rejected the notion that a heightened particularity requirement, such as that required by Rule 9(b), applies to Section 1983 claims. Thus, in order to properly plead a municipal liability claim under Section 1983 there must be a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

◼ The court finds that the allegations asserted by Plaintiffs Bair and Taylor against Atlantic City are sufficient under the liberal notice pleading of Rule 8. Bair and Taylor allege that their "co-workers and supervisors" engaged in sexual harassment and discrimination, that Defendant Atlantic City "failed to take any appropriate remedial action toward eliminating the hostile work environment" until plaintiffs were transferred out of their departments, that Defendant Atlantic City "knew or should have known" of the harassment and discrimination, and that defendant's supervisors themselves "repeatedly engaged in and encouraged such conduct." (Bair Amended Complaint, ¶¶ 6–11; Taylor Amended Complaint, ¶¶ 6–11). Plaintiffs further allege that the "sexually offensive language and conduct described herein created a sexually hostile work environment in violation of the plaintiff's right to equal protection under the 14th Amendment to the United States Constitution." (Bair Amended Complaint, ¶ 12; Taylor Amended Complaint, ¶ 12). Plaintiffs further allege that "defendant's aforesaid actions constituted a pattern of conduct which established a policy of acceptance and toleration of discrimination against women and the promotion of sexually hostile work environments in the construction department and throughout the municipal government." (Bair Amended Complaint, ¶ 14; Taylor Amended Complaint, ¶ 14).

Although plaintiffs' allegations are set forth in somewhat conclusory terms, and plaintiffs do not identify their supervisors or whether their supervisors were policy-making officials, those details can be developed through factual discovery. Plaintiffs need not state the facts supporting their claims with heightened specificity nor prove their claims at this early pleading stage. *See Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160 ("[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."); *Frazier v. Southeastern Pennsylvania Transp. Auth.,* 785 F.2d 65, 70 (3d Cir.1986) (complaint was not subject to dismissal for lack of specificity on grounds that plaintiff did not specifically identify supervisors who were allegedly responsible for sexual harassment); *McGrath v. Johnson,* 67 F.Supp.2d 499, 512 (E.D.Pa.1999) (civil rights complaint that alleged that defendant municipality "had knowledge of" and acquiesced in alleged constitutional violations and that orders "came from the top" was sufficient to state a claim against municipality); *DiBartolo v. City of Philadelphia,* Civ. No. 99–1734, 2000 WL 217746, *6 (E.D.Pa. Feb.15, 2000) (civil rights complaint alleging that city, as a matter of custom or policy, treated plaintiff less favorably than it treated minority employees in employment was sufficient to state a claim for municipal liability).

Plaintiffs' claims under Section 1983 satisfy Rule 8, are sufficient to put Atlantic City on notice of the claims against it,[4] and do not fail for lack of specificity.

### B. DEFENDANT'S MOTIONS TO DISMISS

Because this court has found that plaintiffs' proposed amended complaints are not clearly futile and are sufficient to withstand a motion to dismiss, and defendant has not offered any reasons in support of its motions to dismiss other than those set forth in opposition to the motions to amend, defendant's motions to dismiss are hereby dismissed as moot.

### III. CONCLUSION

For the foregoing reasons, the motions to amend filed by Plaintiffs Erika Bair and Sandra Taylor shall be granted, and Defendant Atlantic City's motions to dismiss shall be dismissed as moot. The accompanying Order shall enter today.

Edward M. Brennan, Pottsville, Harry Rubright, Schuylkill Haven, CT, for Clyde Leymeister, plaintiff.

Teresa Ficken Sachs, Britt, Hankins, Schaible & Moughan, Philadelphia, PA, for State Farm Insurance Co., defendant.

---

4. The court takes note of the fact that defendant has not objected to the proposed amended complaints on specificity grounds and, thus, does not claim that the complaints are so vague that it cannot fashion a response.