Pearl **MARION**, Plaintiff,

v.

**CITY OF PHILADELPHIA/WATER DEPARTMENT, George T. Hayes, Brenda J. Shields, Miles Ladenheim, Richard E. Roy, Drew S. Mihocko, Lorin E. Fields, Raymond M. Staniec, Laureen M. Boles, Abdul C. Latif, Joseph Galante, and Raymond Defelice, Defendants.**

**No. CIV. A. 00–3553.**

United States District Court,
E.D. Pennsylvania.

March 28, 2001.

Pearl Marion, Philadelphia, PA, pro se.

Michael Holmes, Deputy City Solicitor, Philadelphia, PA, for City of Philadelphia/Water Department, George T. Hayes, and Brenda J. Shields.

Paul C. Troy, Kane, Pugh, Knoell and Driscoll, Norristown, PA, for Miles Ladenheim.

## ORDER & MEMORANDUM

DuBOIS, District Judge.

### I. INTRODUCTION

This case arises out of allegations of workplace discrimination and retaliation. Plaintiff, Pearl Marion ("Marion"), asserts that her employer, the City of Philadelphia/Water Department, and her co-workers have harassed her, and continue to harass her, in retaliation for filing a claim with the Equal Employment Opportunity Commission ("EEOC") and for filing a prior action in federal court. She also avers that defendants have discriminated against her on the basis of race, age, sex, and religion, and that defendants have conspired to harass her and discriminate against her. Defendants have filed two motions to dismiss. Based on the following analysis, defendants' motions to dismiss are granted in part and denied in part.

### II. PROCEDURAL HISTORY

Plaintiff filed a charge with the EEOC dated June 25, 1999, in which she checked the boxes on the EEOC Charge Questionnaire form for race, sex, and religion as the bases for her complaint. In the explanatory section of the form, she alleged retaliation. She later filed a more detailed Allegations of Employment Discrimination

form with the EEOC, dated August 6, 1999, in which she alleged discrimination on the basis of race, age, sex, religion, and retaliation and provided further specific factual allegations in support of her claims.

The EEOC issued a dismissal and right-to-sue letter dated April 18, 2000. Plaintiff filed suit in this Court on July 14, 2000. At that time, plaintiff requested appointment of an attorney pursuant to the Plaintiff's Employment Attorney Panel Program; her request was granted by Order of this Court dated July 18, 2000.

Subsequently, Defendant Miles Ladenheim filed a motion to dismiss (Document No. 4, filed August 7, 2000); another motion to dismiss was filed on behalf of all other defendants on August 17, 2000. On August 24, 2000, the Court, having granted plaintiff's request for appointment of counsel, granted an extension of time for responding to defendants' motion to dismiss (Document No. 5, filed August 7, 2000) until further order of the Court.

Five attempts to appoint counsel pursuant to the Plaintiff's Employment Attorney Panel Program were unsuccessful; three attorneys declined the case on the merits and two for other reasons. Accordingly, by Order dated March 8, 2001, the Court vacated its Order of July 18, 2000, in which it had granted plaintiff's request for appointment of counsel, and ordered plaintiff to file and serve responses to Defendants' Motions to Dismiss by March 22, 2001. Plaintiff then timely filed two responses to defendants' motions (Document Nos. 9 and 10, filed March 22, 2001).

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the federal rules of civil procedure provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion in response to a pleading. Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969). The court must only consider those facts alleged in the complaint in considering such a motion. *See ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir.1994). A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

Plaintiff is proceeding *pro se* in this case. The Court is mindful of the instruction that it should broadly construe normal pleading requirements when addressing *pro se* submissions. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the Court will treat all of the documents plaintiff appended to the document entitled "Complaint" as part of the Complaint. In addition, because plaintiff alleges discrimination and retaliation but does not allege any specific legal basis for that claim, the Court will treat plaintiff's claims as arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), 42 U.S.C. §§ 1981, 1983, and 1985(3), and Pennsylvania state law.

## IV. ANALYSIS

### A. Title VII of the Civil Rights Act of 1964

Defendants move for dismissal of plaintiff's claim for unlawful discrimination under Title VII of the Civil Rights Act of

1964 on the grounds that (1) there is no individual liability under Title VII; and (2) plaintiff has not obtained a right-to-sue letter as required by statute.

### 1. Individual Liability Under Title VII

As explained by the Third Circuit in *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir.1996), "Congress did not intend to hold individual employees liable under Title VII." Accordingly, plaintiff will not be allowed to proceed with claims brought pursuant to Title VII against any individual defendants and the individual defendants' motions to dismiss plaintiff's Title VII claims are granted.

### 2. Right–to–Sue Letter

■ Defendants' second objection to plaintiff's Title VII claim—that the Attorney General has not issued a right-to-sue letter for the purposes of an action against the City of Philadelphia—is based on the statutory requirements of 42 U.S.C. § 2000e–5(f)(1). This provision reads, in pertinent part, as follows:

If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved. . . .

Pursuant to statute, the EEOC or Attorney General's office is "required to issue the right-to-sue letter 180 days after the date of the aggrieved party's EEOC filing, unless the government has initiated a civil action on behalf of the aggrieved party or otherwise settled the dispute to the satisfaction of the aggrieved party." *Dougherty v. Township of Lower Merion*, 1996 WL 273675, at *2 (E.D.Pa. May 15, 1996) (citing 42 U.S.C. § 2000e(f)(1)).

As a general rule, receipt of a right-to-sue letter from the appropriate agency is, technically, a statutory prerequisite to filing suit under Title VII. However, in cases where the relevant federal agency has failed to issue a right-to-sue letter prior to the 180–day deadline, many courts have permitted plaintiffs to maintain a Title VII action where they were able to show that they were entitled to the right-to-sue letter and requested it. *Id.* (citing *Fouche v. Jekyll Island–State Park Authority*, 713 F.2d 1518 (11th Cir.1983); *Johnson v. Duval County Teachers Credit Union*, 507 F.Supp. 307 (M.D.Fla.1980); *Stapper v. Texas Dep't of Human Res.*, 470 F.Supp. 242 (W.D.Tex.1979)).

Applying this rationale to cases where a plaintiff who has filed suit against a government or political subdivision received a right-to-sue letter from the EEOC rather than the Attorney General, courts have rejected the argument that a plaintiff is precluded from suit for lack of jurisdiction. *See Moore v. City of Charlotte*, 754 F.2d 1100, 1104 n. 1 (4th Cir.1985) (rejecting defendants' argument that plaintiff was precluded from suit where EEOC, not Attorney General, had issued a right-to-sue

letter); *Thayer v. Washington County School Bd.,* 949 F.Supp. 445, 447 (W.D.Va. 1996) (same). As the Fourth Circuit Court of Appeals explained in *Moore,* "[Plaintiff's] entitlement [to the right-to-sue letter] is unaffected by any EEOC assumption of Justice Department duties, as [plaintiff] may not be penalized for an EEOC failure to fulfill its statutory duties...." *Moore,* 754 F.2d at 1104 n. 1.

In this case, plaintiff is entitled to a right-to-sue letter and has received one from the EEOC, not the Attorney General. Following the rationale of the *Moore* court, as discussed above, this Court concludes that plaintiff's claim will not be dismissed due to the fact that she has not received a right-to-sue letter from the Attorney General. As such, plaintiff's claims of retaliation, harassment, and discrimination on the basis of race, sex, and religion, brought under Title VII against defendant City of Philadelphia/Water Department are allowed to proceed.

### B. Age Discrimination in Employment Act

As an alternative to Title VII, plaintiff may be able to establish a claim under the Age Discrimination in Employment Act ("ADEA"). The Age Discrimination in Employment Act, 81 Stat. 602, as amended, 29 U.S.C. § 621, *et seq.,* makes it unlawful for an employer to, *inter alia,* (1) fail or refuse to hire or otherwise discriminate against any individual on the basis of age; and (2) limit, segregate, or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or adversely affect his status as an employee because of the individual's age. 29 U.S.C. § 623. In the Allegations of Employment Discrimination form plaintiff completed August 6, 1999, plaintiff alleged discrimination on the basis of age as one of the reasons for her complaint. However, she has failed to allege any specific factual allegations in support of a claim for age discrimination. Accordingly, plaintiff's claim for age discrimination is dismissed without prejudice and plaintiff is granted leave to file an amended complaint with respect to this claim within twenty (20) days.

### C. Other Federal Claims

As mentioned above, plaintiff makes generalized allegations of discrimination and retaliation in her Complaint and does not state any legal basis for her claims. Accordingly, the Court now briefly analyzes plaintiff's claim as brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3).

Plaintiff raises numerous grounds for discrimination, including race, sex, and religion. As such, the facts, as set forth in plaintiff's complaint, may be sufficient to establish a claim under 42 U.S.C. § 1981, which guarantees all persons the right "to make and enforce contracts ... to the full and equal benefit of all laws and proceedings ... as is enjoyed by white citizens." In this case, the facts plaintiff has alleged could establish that she has been discriminated against on the basis of race such that her right to contract with her employer was unlawfully infringed. In characterizing plaintiff's claim as one arising under § 1981, the Court notes that the "the elements of employment discrimination under Title VII are identical to the elements of a section 1981 claim." *Schurr v. Resorts Int'l Hotel, Inc.,* 196 F.3d 486, 499 (3d Cir.1999) (quotation omitted). *See also Roebuck v. Drexel Univ.,* 852 F.2d 715, 726 (3d Cir.1988); *Gunby v. Pennsylvania Elec. Co.,* 840 F.2d 1108, 1115 & n. 9 (3d Cir.1988).

The Court next analyzes plaintiff's claim

under 42 U.S.C. § 1983.[1] In the context of employment law, the Third Circuit has explained that "the comprehensive scheme provided in Title VII does not preempt section 1983, and that discrimination claims may be brought under either statute, or both." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1079 (3d Cir.1990). *See also Annis v. County of Westchester*, 36 F.3d 251 (2d Cir.1994) (concluding that a' claim of sex discrimination may be brought under § 1983 and that Congress did not intend to make Title VII the exclusive remedy for workplace discrimination).

■ It is well-settled that § 1983 does not create substantive rights—in order to state a claim under § 1983, plaintiffs must state facts sufficient to allege a violation of a right created by the Constitution or federal law. In this case, plaintiff has alleged facts in support of her claims for discrimination on the basis of race, sex, and religion. These claims are allowed to proceed against all defendants pursuant to § 1983 as claims for discrimination on the basis of race, sex, and religion may arise under the Equal Protection Clause of the Fourteenth Amendment.[2] The Court notes that plaintiff of course bears the burden of establishing the essential elements of a § 1983 claim, namely (1) that one or more defendants performed acts which operated to deprive plaintiff of one or more of her federal constitutional rights by discriminating against her; (2) under the color of the authority of the Commonwealth of Pennsylvania;[3] and (3) that those acts

---

1. 42 U.S.C. § 1983, provides, in pertinent part, as follows:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. Some of the facts alleged by plaintiff state a claim for workplace retaliation and disparate treatment. Unlike her claims for discrimination, which are grounded in the Equal Protection Clause of the Fourteenth Amendment, plaintiff's claims for retaliation and disparate treatment rest on Title VII. These claims may not proceed under § 1983. *See Bair v. City of Atlantic City*, 100 F.Supp.2d 262, 266 (D.N.J. 2000) (quoting *Notari v. Denver Water Dep't*, 971 F.2d 585, 587 (10th Cir.1992)) ("[A] § 1983 claim of racial discrimination is independent of a statutory disparate treatment claim arising out of the same set of facts because the § 1983 claim is substantively grounded in the Equal Protection Clause of the Fourteenth Amendment, whereas the disparate treatment claim flows from Title VII."). *See also Bair*, 100 F.Supp.2d at 267 n. 3 ("[A] claim for retaliation, which was created by Title VII and is not recognized under constitutional principles, may not be pursued through Section 1983.").

3. Defendant Dr. Ladenheim, in his motion to dismiss, argues that he does not qualify as a state actor for purposes of § 1983 as he is a private physician. The Supreme Court has set forth a number of different tests that may be used in order to determine whether a person is a state actor. They include, *inter alia*, the (1) "public function" test, whereby private actors are deemed to be engaged in state action if they perform functions traditionally relegated to the State; (*see Terry v. Adams*, 345 U.S. 461, 468–70, 73 S.Ct. 809, 97 L.Ed. 1152 (1953)); (2) the "close nexus" test, which determines whether the state itself may be deemed responsible for the injury of which the plaintiff complains (*see Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)); and (3) the "symbiotic relationship" test, under which a court will examine the overall relationship between the parties to determine whether the state has "insinuated itself into a position of interdependence with [the acting party]" such that the state may be recognized as a joint participant in the challenged activity. *See Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S.Ct. 856, 862, 6 L.Ed.2d 45 (1961).

   Which test to apply in a given case depends on circumstances, and "the Supreme Court

were the proximate cause of damages she suffered.

The municipal defendants in the case—the City of Philadelphia/Water Department and its employees who are being sued in their official capacities [4]—may only be liable under § 1983 if they caused the complained-of constitutional violation. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Baker v. Monroe Township*, 50 F.3d 1186, 1191 (3d Cir.1995).

To establish *Monell* liability, a plaintiff must " 'identify the challenged policy, [practice or custom,] attribute it to the city itself, and show a causal link between execution of the policy[, practice or custom] and the injury suffered.' " *Fullman v. Philadelphia Int'l Airport*, 49 F.Supp.2d 434, 445 (E.D.Pa.1999) (quoting *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir.1984)). Even in the absence of an established policy, practice or custom, the Supreme Court has recognized, in certain rare instances, municipal liability under § 1983 based on a single decision attributable to a municipality. *See, e.g., Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *City of*

*Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). In such cases, however, "the evidence that the municipality had acted and that the plaintiff had suffered a deprivation of federal rights also proved fault and causation." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 405, 117 S.Ct. 1382, 1389, 137 L.Ed.2d 626 (1997).

Based on the present state of the record, the Court cannot conclude that there is no set of facts on which plaintiff could prevail in a § 1983 claim against the municipal defendants. Further discovery may reveal a city policy, practice or custom that caused the discrimination alleged in this case or even a single decision attributable to the municipality that caused a deprivation of plaintiff's rights. Accordingly, plaintiff's *Monell* claim against the City of Philadelphia/Water Department and its employees in their official capacities will be allowed to proceed.[5]

■ The Court now turns to § 1985(3). In order to state claim under 42 U.S.C. § 1985(3), a plaintiff must allege "(1) a

has counseled lower courts to investigate carefully the facts of each case." *Goussis v. Kimball*, 813 F.Supp. 352, 357 (E.D.Pa.1993) (citing *Burton v. Wilmington Parking Auth.*, 365 U.S. at 722, 81 S.Ct. at 860). In this case, it is possible that further discovery could reveal that Dr. Ladenheim was a joint participant in the alleged discrimination or had some other relationship with plaintiff's employer such that he may be deemed a state actor.

4. The Court notes that plaintiff has not indicated whether suit is being brought against the individual defendants in their official or individual capacities. Accordingly, the Court will treat the individual defendants as if they have been sued in both their official and individual capacities.

5. To state a claim under § 1983 against an individual defendant in his or her individual

capacity, plaintiff must allege that each individual had "personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988); *see Parratt v. Taylor*, 451 U.S. 527, 537 n. 3, 101 S.Ct. 1908, 1914 n. 3, 68 L.Ed.2d 420 (1981). Generally, personal involvement requires participation in, personal direction of, or knowledge of and acquiescence in the alleged constitutional violation. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293 (3d Cir.1997); *Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995). In this case, plaintiff has set forth specific allegations with respect to each individual defendant. Accordingly, her claims against the individual defendants in their individual capacities are allowed to proceed.

conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Kerrison v. Kane Comm. Hosp.*, 2000 WL 33223084, 2000 U.S. Dist. LEXIS (W.D.Pa. Dec. 1, 2000) (citing *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997)). Plaintiff has alleged a conspiracy "to intensify the harassment" in addition to specific factual allegations in support of her claim of conspiracy. Accordingly, her conspiracy claim is allowed to proceed pursuant to 42 U.S.C. § 1985(3).

### D. Pennsylvania State Law Claims

The Pennsylvania Human Relations Act ("PHRA") also provides a remedy for the harassment, retaliation, and workplace discrimination alleged in this case. *See* 43 Pa. Cons.Stat. Ann. §§ 954 & 955 (Purdon's Supp.2000). The Court notes that individual liability under the PHRA is possible where an individual has aided and abetted the employer's discriminatory actions in violation of the PHRA. *See* 43 Pa. Cons.Stat. Ann. § 955(e). *See generally Dici v. Commonwealth of Pennsylvania,* 91 F.3d 542, 553 (3d Cir.1996) (permitting individual liability under 43 Pa. Cons.Stat. Ann. § 955(e) on the part of a supervisory co-employee if it could be shown that the co-employee aided and/or abetted the alleged discriminatory practice of the employer).; *Cohen v. Temple Physicians, Inc.,* 11 F.Supp.2d 733, 737 (E.D.Pa.1998) (dismissing claims against individual defendants in the absence of allegations that the individuals aided and abetted the employer in its alleged discrimination against plaintiff). As such, plaintiffs claims against all defendants may proceed pursuant to the PHRA.

To the extent plaintiff's general claims for harassment, retaliation and discrimination are based on the Pennsylvania law of torts, plaintiff's tort claims will be allowed to proceed against the individual defendants in their individual, as opposed to official, capacities. The Pennsylvania Political Subdivision Tort Claims Act (the "Tort Claims Act") grants to municipal agencies immunity from liability for all state law tort claims. *See* 42 Pa. Cons. Stat. Ann. § 8541, *et seq.* (Purdon's 1998 and Supp.2000); *Smith v. School Dist. of Philadelphia,* 112 F.Supp.2d 417, 424 (E.D.Pa.2000); *Wakshul v. City of Philadelphia,* 998 F.Supp. 585 (E.D.Pa.1998). The Tort Claims Act provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons.Stat. Ann. § 8541. While the Tort Claims Act provides eight exceptions to this grant of immunity, *see* 42 Pa. Cons.Stat. Ann. § 8542, none are applicable to this case. As such, plaintiff's tort claims against the City of Philadelphia/Water Department and its employees in their official capacities are dismissed.

### E. Further Proceedings

Plaintiff has alleged a myriad of claims which the Court has analyzed under various federal and state statutes and relevant case law. Mindful of the instruction that it should broadly construe pleading requirements when a plaintiff appears *pro se,* the Court has allowed many, but not all, of these claims to proceed.

The Court will schedule a preliminary pretrial conference in due course. At the conference, the Court will endeavor to nar-

row the issues presented by plaintiff's claims.

## V. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted in part and denied in part.

### *ORDER*

**AND NOW,** this 28th day of March, 2001, upon consideration of the Complaint (Document No. 1, filed July 14, 2000), the Motion of Defendant Miles Ladenheim, M.D. Pursuant to Federal Rule of Civil Procedure 12(b)(6) to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Document No. 4, August 7, 2000) and Defendants' Motion to Dismiss (Document No. 5, filed August 17, 2000), for the reasons set forth in the accompanying memorandum, **IT IS ORDERED** that:

A. The Motion of Defendant Miles Ladenheim Pursuant to Federal Rule of Civil Procedure 12(b)(6) to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Document No. 4) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion of Defendant Miles Ladenheim, M.D. ("Dr. Ladenheim") to Dismiss is **GRANTED** with respect to plaintiff's Title VII and Age Discrimination in Employment Act ("ADEA") claims as there is no individual liability under these statutes. *See Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1077–78 (3d Cir.1996) (Title VII); *Cohen v. Temple Physicians, Inc.,* 11 F.Supp.2d 733 (E.D.Pa.1998) (ADEA); and

2. The Motion of Defendant Dr. Ladenheim is **DENIED** in all other respects and plaintiff's discrimination claims, brought on the basis of race, sex, and religion, shall be allowed to proceed against Dr. Ladenheim under 42 U.S.C. §§ 1981, 1983, and 1985(3), the Pennsylvania Human Relations Act ("PHRA") and Pennsylvania state tort law.

B. Defendants' Motion to Dismiss (Document No. 5) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' Motion to Dismiss is **GRANTED** with respect to plaintiff's Title VII and ADEA claims against individual defendants George T. Hayes, Brenda J. Shields, Richard E. Roy, Drew S. Mihocko, Lorin E. Fields, Raymond M. Staniec, Laureen M. Boles, Abdul C. Latif, Joseph Galante, and Raymond DeFelice as there is no individual liability under these statutes. *See Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1077–78 (3d Cir.1996) (Title VII); *Cohen v. Temple Physicians, Inc.,* 11 F.Supp.2d 733 (E.D.Pa.1998) (ADEA);

2. Defendants' Motion to Dismiss is **DENIED** with respect to plaintiff's Title VII and PHRA claims against the City of Philadelphia/Water Department;

3. Defendants' Motion to Dismiss is **GRANTED** with respect to plaintiff's ADEA claim against the City of Philadelphia/Water Department and plaintiff's age discrimination claim is **DISMISSED WITHOUT PREJUDICE.** Plaintiff is **GRANTED** leave to file an amended complaint with respect to her claim of discrimination on the basis of age against the City of Philadelphia/Water Department within twenty (20) days;

4. Defendants' Motion to Dismiss is **GRANTED** with respect to plaintiff's tort claims brought under Pennsylvania state law against the City of Philadelphia/Water Department and its employees in their official capacities; and

5. Defendants' Motion to Dismiss is **DENIED** in all other respects and plaintiff's discrimination claims, brought on the basis of race, sex, and religion, shall be allowed to proceed under the 42 U.S.C. §§ 1981, 1983, and 1985(3), the PHRA, and Pennsylvania state tort law.

**IT IS FURTHER ORDERED** that the Court will schedule a preliminary pretrial conference in due course.